IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No. 3:21-cr-16 |
| | ) |
| DERRICK POLK | ) |

**UNITED STATES' SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO SUPPRESS AND SUPPLEMENT TO MOTION TO
SUPPRESS**

AND NOW, comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon, Assistant United States Attorney for said district, and respectfully submits the following Supplemental Brief in Opposition to Defendant's Motion to Suppress and Supplement to Motion to Suppress, and, in support thereof, avers the following:

1. On April 17, 2023, the Defendant filed a Motion to Suppress (ECF No. 1266) requesting that this Honorable Court suppress and exclude from trial evidence seized pursuant to search and seizure warrants executed on: the business facility of U.S. Private Vaults ("USPV") on March 22, 2021; the Defendant's residence at 5025 E. Pacific Coast Highway, #307, Long Beach, California 90804 on July 15, 2021; and the Defendant's person on July 15, 2021.

2. The motion failed to include or reference federal search warrants that were authorized for the search of the Defendant's safe deposit box #5911 on April 13, 2021, and the Defendant's person on July 15, 2021.

3. The Defendant generally argued issues derived from the search and seizure of each merit suppression of evidence, including: (1) that the March 22, 2021 seizure of USPV property was authorized, but the (inventory) search of the Defendant's safety deposit box and the seizure of the items it contained were in violation of the Fourth Amendment; (2) the search violated FBI

inventory policy; (3) the search was not a valid inventory search; and (4) the search of safety deposit Box #5911, the Defendant's residence, and the Defendant's person were in violation of the Fourth Amendment and "fruit of the poisonous tree".

4. The Defendant's motion includes citation to legal authority regarding: the initial recognition of inventory searches as an exception to the search warrant requirement (South Dakota v. Opperman, 428 U.S. 364 (1976));  the propriety of impoundment of a vehicle (United States v. Haro-Salcedo, 107 F.3d 769 (10th Cir. 1997)); verbal statements may be suppressed as fruit of the poisonous tree following an illegal arrest (Wong Sun v. United States, 371 U.S. 471 (1963)).  These general and ambiguous arguments, two of which do not apply in this case, forced the Government to speculate as to the Defendant's legal reasoning and justification for the suppression sought. Without a specific theory of the challenge cited, it is impossible for the Government to defend and the Government has been precluded from presenting valuable evidence in opposition.

5. On May 26, 2023, the Government filed a Response to Motion to Suppress Evidence (ECF No. 1300).  On June 13, 2023, the Defendant filed a Reply to Response of the United States to Defendant's Motion to Suppress Evidence (ECF No. 1314).  A Suppression Hearing was held before this Honorable Court on July 14, 2023.  On August 30, 2023, the Government filed a Brief in Opposition to Defendant's Motion to Suppress (ECF No. 1367), and on September 21, 2023, the Defendant filed a Reply to Brief of the United States to Defendant's Motion to Suppress Evidence (ECF No. 1378).

6. Defendant's reply filings contained the same vague, generalized and ambiguous theories of suppression with the same legal citation.

7. On December 20, 2023, the Defendant filed a Supplement to Motion to Suppress Evidence (ECF No. 1457), requesting this Honorable Court suppress the evidence described in his

Motion to Suppress as a result of the oral argument before the Ninth Circuit in <u>Snitko, et al. v. United States.</u>

8. The Defendant is not entitled to relief based on this claim, and has not cited any legal authority to establish that this Court is bound by oral arguments in a civil case in the Ninth Circuit. Oral arguments have no precedential value whatsoever. Furthermore, the Defendant fails to legally cite how this argument applies to the Defendant, applies to the instant offense, what weight, if any, this Court should afford this unsupported argument, and specifically, what relief Defendant is seeking.

9. On January 24, 2024, counsel for Defendant communicated with this Court, via email, and attached an opinion issued by the Ninth Circuit in <u>Snitko, et al. v. United States</u> (Case 22-56050). This opinion is not part of the record and the Court cannot consider the Defendant's "filings" on a shadow docket.

10. The burden of producing a Defendant's suppression issues cannot rest on the Government. The Defendant is not pro se[1]. The Third Circuit explained exactly what a party must do to present and preserve suppression issues and arguments. In <u>United States v. Joseph</u>, 730 F.3d 336, 340-41 (3d Cir. 2013), the Third Circuit held that a party must make the same argument in the district court that he makes on appeal in order to preserve the argument. Further, <u>Joseph</u> states that identical arguments have at least two characteristics: they depend on the same legal rule or standard, and they depend on the same facts. Here, the Defendant merely cites an oral argument in

---

[1] *Pro se* pleadings, "however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.' " Haines v. Kerner, 404 U.S. 519, 520 (1972). A court is to construe a prisoner's pro se pleading liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam), and a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ) (internal quotation marks omitted).

a different jurisdiction between different parties and involving different material facts. This does not even raise an issue, let alone preserve arguments relating to any issues. Until the Defendant asserts the legal reasoning, with citation, as to how and why the Snitko case is binding, the Government cannot respond.

WHEREFORE, the United States respectfully requests that the Defendant's Motions to Suppress Evidence be DENIED.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

Filed:  January 29, 2024

*/s/ Maureen Sheehan-Balchon*
MAUREEN SHEEHAN-BALCHON
Assistant United States Attorney
PA I.D. No. 78059