**U.S. Department of Justice**

United States Attorney
Western District of Pennsylvania

Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219

412/644-3500

January 28, 2025

Amy B. Jones, Esquire
1910 Shaw Avenue
Pittsburgh, PA 15217

Stanton D. Levenson, Esquire
6105 Spirit Street, #447
Pittsburgh, PA 15206

Re:   United States of America v. Derrick Polk
      Criminal No. 3:21-cr-16

Dear Ms. Jones and Mr. Levenson:

This letter sets forth the agreement by which your client, Derrick Polk, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Derrick Polk and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Derrick Polk will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Derrick Polk, agrees to the following:

        1.    The defendant will enter a plea of guilty to the offenses at Count One and Count Three of the Superseding Indictment at Criminal No. 3:21-cr-16, charging the defendant with violating 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii), pursuant to Rule 11 of the Federal Rules of Criminal

**LIMITED OFFICIAL USE**

Procedure; that is, the defendant will plead guilty at Count One to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), in violation of 21 U.S.C. § 846; and at Count Three to distribution and possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).

2. The defendant does not agree to forfeit to the United States the items listed below, but the defendant understands that the United States will seek to forfeit the property listed below as part of the sentencing process in this case:

   (a) Breitling Super Ocean Watch, serial number 7089691;
   (b) Breitling Super Ocean Watch, serial number 5077160;
   (c) Rolex Cosmograph Daytona 40 Watch;
   (d) Rolex Yacht-Master Watch, serial number 646W59W5;
   (e) Three Necklaces;
   (f) Three Bracelets;
   (g) Rolex Date Just Watch, serial number 875D7669;
   (h) Breitling for Bentley Watch, serial number 209867;
   (i) Rolex President Watch, serial number D53P7350;
   (j) $399,000 U.S. currency; and
   (k) Taurus pistol, Model G3C, 9 mm, serial number ABL193060.

3. If the Court imposes a fine or restitution as part of a sentence of incarceration, Derrick Polk agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

4. At the time Derrick Polk enters the defendant's plea of guilty, the defendant will deposit a special assessment of $200 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

5. Derrick Polk waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

6. Derrick Polk waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

(a) If the United States appeals from the sentence, Derrick Polk may take a direct appeal from the sentence.

(b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Derrick Polk may take a direct appeal from the sentence.

(c) As a condition of his guilty plea, Derrick Polk may take a direct appeal from his conviction limited to the following: issue and arguments raised in the Motion to Suppress (ECF Document 1266), the Reply to Response of the United States to Defendant's Motion to Suppress Evidence (ECF Document 1314), and the Supplemental Motion to Suppress (ECF Document 1457) filed at Criminal Number 3:21-cr-16. If Derrick Polk takes a direct appeal raising this issue and prevails in the appeal, he may withdraw his plea of guilty. If he does not take a direct appeal or does not prevail in the appeal, the plea of guilty shall stand.

The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

7. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of

the involvement of Derrick Polk in the offenses charged in the Superseding Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Derrick Polk and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Derrick Polk at each of Counts One and Three of the Superseding Indictment is:

    (a) A term of imprisonment of not less than ten (10) years to a maximum of life.

    (b) A fine of not more than $10,000,000;

    (c) A term of supervised release at least five (5) years; and

    (d) A special assessment under 18 U.S.C. § 3013 of $100.

    Since the maximum penalty for an offense to which the defendant is pleading guilty is punishable by 25 years or more, pursuant to 18 U.S.C. §§ 3559 and 3561, the defendant is not eligible for a sentence of probation.

2. The parties stipulate that the type and quantity of controlled substances attributable to Derrick Polk in this case for the purposes of § 2D1.1 of the Sentencing Guidelines are quantities of heroin, methamphetamine, and MDMA "ecstasy" equivalent to a converted drug weight of 3,000 to 10,000 kilograms. This stipulation includes all relevant conduct as to drug quantity, under § 1B1.3 of the Guidelines, and represents the parties' best understanding on the basis of the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed. The foregoing stipulation does not

preclude either party from seeking guideline enhancements or reductions as to factors which are not the subject of the stipulation.

3. Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence at each of Counts One and Three is a term of imprisonment of 120 months (to run concurrently), a fine, if any, in an amount to be determined by the Court, a term of supervised release of at least 5 years (to run concurrently), and a special assessment of $200.

   Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw his guilty plea.

   Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

4. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Derrick Polk acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

5. This agreement does not preclude the government from pursuing any civil or administrative remedies against Derrick Polk or the defendant's property.

6. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

   Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

7. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed

Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Derrick Polk and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*Troy Rivetti*

TROY RIVETTI
Acting United States Attorney

*Maureen Sheehan-Balchon*

MAUREEN SHEEHAN-BALCHON
Assistant United States Attorney

I have received this letter from my attorneys, Amy B. Jones, Esquire and Stanton D. Levenson, Esquire, have read it and discussed it with them, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
DERRICK POLK

__March 6, 2025__
Date

Witnessed by:

_____
AMY B. JONES, ESQUIRE
Counsel for Derrick Polk

_____
STANTON D. LEVENSON, ESQUIRE
Counsel for Derrick Polk